UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-14327-CIV-CANNON/Maynard

**MICHELE M. VARGAS,**

    Plaintiff,

v.

**ROBERT A. AUSTIN,**

    Defendant.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION [ECF No. 45] AND DENYING DEFENDANT'S MOTIONS TO VACATE AND STAY [ECF Nos. 8, 46]**

**THIS CAUSE** comes before the Court upon Magistrate Judge Shaniek M. Maynard's Report and Recommendation ("the Report"), issued on October 7, 2025 [ECF No. 45]. The Report recommends that the Court grant in part Plaintiff's Motion to Remand, for Sanctions, and to Bar Further Frivolous Filings (the "Motion") [ECF No. 10]. Defendant filed Objections to the Report [ECF No. 46], and Plaintiff responded to those Objections [ECF No. 49].[1] The Court has reviewed the Report [ECF No. 45], Defendant's Objections [ECF No. 46], Plaintiff's Response to Defendant's Objections [ECF No. 49], and the full record. For the reasons set forth below, the Report [ECF No. 45] is **ACCEPTED**, and Plaintiff's Motion [ECF No. 10] is **GRANTED IN PART**.

---

[1] Defendant's objections to the Report were submitted to the Court as a "Motion to Stay" [ECF No. 46]. Because the "Motion to Stay" argues that Judge Maynard's Report should be "legally squashed," the Court construes the Motion to Stay as an objection to Judge Maynard's Report. Further, because the Court accepts Judge Maynard's Report, Defendant's "Motion to Stay," to the extent that it is a distinct Motion instead of an objection to the Report, is denied.

CASE NO. 25-14327-CIV-CANNON/Maynard

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff and Defendant are ex-spouses, and this case concerns a long-running family dispute. The underlying state court dispute started when the parties began divorce proceedings in 2013 [ECF No. 1-2 p. 18]. Although they completed their divorce that same year, litigation has been ongoing in the form of disputed child support, arrears, contempt, and attorney-fee rulings dating back to the original divorce proceedings [ECF No. 10 p. 2].

In September 2025, Defendant removed the present action to this Court, asserting violations of the Fourth and Fourteenth Amendments of the United States Constitution, and citing also to the criminal provisions in 18 U.S.C. §§ 241 and 242 [ECF No. 1 p. 1]. He then filed a "Motion to Vacate Void Judgments," in which he asks this court to vacate many of the actions of the State Court—dating back to 2013—which he says were unlawful [*see* ECF No. 8 (challenging an order granting child support payments, an order granting attorneys' fees, an order for motions for civil contempt, a hearing relating to arrears, and a hearing on a motion for civil contempt)].[2] In response, Plaintiff filed a Motion to Remand based on this Court's lack of jurisdiction under the "domestic relations exception," which deprives federal courts of the ability to hear certain family law cases. *See generally Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Plaintiff also seeks an order barring Defendant from further burdening the courts with frivolous litigation absent Court approval [ECF No. 10 p. 3]. Defendant then filed a "Motion to Stay" [ECF No. 46], which asserts

---

[2] As Judge Maynard explains, "Defendant Austin has turned to this Court many times in relation to the same state case, filing claims against judicial officers . . . [and t]hose cases were all dismissed" [*see* ECF No. 45 (citing *Austin v. McHugh, et al.*, No. 20-cv-14293-RLR (S.D. Fla. Sept. 30, 2020); *Austin v. McCann, et al.*, No. 20-cv-14367-DMM (S.D. Fla. Oct. 30, 2020); *Austin v. McHugh, et al.*, No. 22-cv-14225-AMC (S.D. Fla. Aug. 8, 2022); *Austin v. McHugh, et al.*, No. 23-cv-14181-JEM (S.D. Fla. Aug. 4, 2023); *Austin v. Mullins, et al.*, 23-cv-14182-AMC (S.D. Fla. Aug. 7, 2023); *Austin v. McHugh, et al.*, No. 23-cv14370-AMC (S.D. Fla. Dec. 7, 2023); *Austin v. McHugh, et al.*, No. 24-cv-14212-AMC (S.D. Fla. July 11, 2024); *Austin v. Mullins, et al.*, No. 24-cv-14271-AMC (S.D. Fla. Sept. 9, 2024))].

in conclusory and confusing fashion that the Court has federal question jurisdiction. The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Report properly grants in part Plaintiff's Motion to Remand, for Sanctions, and to Bar Further Frivolous Filings [ECF No. 45].

First, as the Report determines, federal courts should generally "refuse to hear suits for divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees still subject to state court modification." *Kirby v. Mellenger*, 830 F.2d 176, 177–78 (11th Cir. 1987) (quotation omitted). Recognizing that well-settled principle, the Report correctly concludes that the present case, which challenges a child support order and other state court actions relating to

the parties' divorce case, should not be heard in this Court [ECF No. 45 pp. 3–4]. That is an accurate evaluation of the claims presented by Defendant in the instant action [*see, e.g.*, ECF No. 8 p. 4 (challenging the parties' prior state court child support order)]. And nothing in Defendant's frivolous and indiscernible objection changes this reality [*see* ECF No. 46 p. 1 (claiming that the Southern District of Florida "has failed to support that the Preponderance of the evidence in the Motion to Vacate . . . does not support Original Jurisdiction under United States Supreme Court Case Laws or Doctrines")]. Moreover, Defendant does not even mention the domestic relations exception or explain why it should not apply—simply decrying that the Report should be "legally squashed" [ECF No. 46]. Remand is warranted due to lack of federal jurisdiction.

Second, as the Report determines, the other aspects of Plaintiff's Motion—including the request for sanctions and the proposed imposition of a filing restriction on Defendant—should be denied [ECF No. 45 pp. 4–5]. No party objected to Judge Maynard's conclusions on these points, and there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Given that both parties are *pro se* (and thus have expended no attorneys' fees), and given that the Court will remand this case at an early stage, monetary sanctions against Defendant are unwarranted [ECF No. 45]. Additionally, since this is the first time Defendant has attempted to remove this case to federal court, a filing injunction is premature. The Court reiterates Magistrate Judge Maynard's warning, however, that "further attempts to assert claims or defenses in contravention of Court orders may result in an order limiting Defendant Austin's ability to file further documents in this Court" [ECF No. 45 p. 5].

CASE NO. 25-14327-CIV-CANNON/Maynard

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 45] is **ACCEPTED**.

2. Plaintiff's Motion to Remand, for Sanctions, and to Bar Further Frivolous Filings [ECF No. 10] is **GRANTED IN PART** in accordance with this Order.

3. This case is **REMANDED** to the Nineteenth Judicial Circuit in and for Saint Lucie County, Florida, with each party to bear its own costs and attorney's fees.

4. Defendant's Motion to Vacate [ECF No. 8] and Defendant's Motion to Stay [ECF No. 46] are both **DENIED**.

5. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 12th day of November 2025.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:  counsel of record

Michele M. Vargas, *Pro se* (via e-mail)

Robert A. Austin, *Pro se* (via e-mail)